UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-24333-ALTMAN

**STANLEY FRANCE**,

    *Petitioner*,

v.

**GARRETT RIPA,
FIELD OFFICE DIRECTOR**, *et al.*,

    *Respondents*.

_____/

**ORDER GRANTING MOTION TO DISMISS**

Stanley France, "a native of Haiti," has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his mandatory pre-removal detention in the custody of the U.S. Immigration and Customs Enforcement ("ICE"). *See* Petition [ECF No. 1] at 4. The Respondents have filed a Motion to Dismiss ("Motion"), revealing that, on February 25, 2025, France was released on his "[p]ersonal recognizance" from ICE custody. Motion [ECF No. 19] at 2. France never responded to the Motion. *See generally* Docket. After careful review, therefore, we **GRANT** the Respondents' Motion and **DISMISS** the Petition.

**BACKGROUND**

In his Petition, France presents two claims. *First*, he contends that his "prolonged [pre-removal] detention without a [bond] hearing" is unconstitutional. Petition at 11 (cleaned up). *Second*, he argues that his conviction wasn't "final for immigration purposes" because he's still "directly appealing" his attempted-robbery conviction, "which render[ed] him deportable" in the first place. *Id.* at 4. The Respondents counter that, consistent with the Supreme Court's holding in *Jennings v. Rodriguez*, 538 U.S. 281 (2018), France's "continued detention pursuant to 8 U.S.C. § 1226(c) without

an individualized bond hearing *is* constitutional." Response [ECF No. 9] at 20 (emphasis added). They alternatively argue that, if we apply this Circuit's six-factor test from *Sopo v. Att'y Gen.*, 825 F.3d 1199 (11th Cir. 2016)—which courts use to determine the lawfulness of an alien's prolonged detention under § 1226(c)—we would find no "due process violation" in France's case. *Id.* at 21.

After reviewing the parties' briefing, we noticed that the Respondents hadn't addressed France's second claim—which was that his conviction wasn't final for immigration purposes because he hadn't exhausted his appellate rights, and that, as a result, he wasn't subject to mandatory detention and *is* entitled to a bond hearing. So, we ordered the Respondents to file a supplemental brief "on whether France's pending direct appeal of his state-court conviction affects his mandatory detention under 8 U.S.C. § 1226(c)(1)(B)" by March 6, 2025. Order Requiring Supp'l Briefing [ECF No. 17] at 3. But, rather than file the supplemental brief we ordered, the Respondents filed the underlying Motion to Dismiss [ECF No. 19].

In the Motion, the Respondents revealed that France was released on his own "[p]ersonal recognizance" on February 25, 2025. *Id.* at 2. They therefore contend that "there remains no injury" for us to redress, and that any controversy "is now moot" because France is no longer at Krome Service Processing Center. *Id.* at 3. They also insist that, since France never challenged the "conditions of his supervised release," we have "no basis for invoking an exception to the mootness doctrine." *Ibid.* (cleaned up). We directed France to respond to the Motion by March 20, 2025. *See* Paperless Orders [ECF Nos. 21–22]. France failed to do so. *See generally* Docket.

As an initial matter, our review of the record confirms that France has, in fact, been released from Krome Service Processing Center. Although France hasn't personally notified us of any address change, the Respondents provided us with a copy of the docket activity in France's immigration case, which is available on the ENFORCE Alien Removal Module ("EARM"). *See* EARM Docket [ECF No. 20-1]. France's docket includes an entry dated February 25, 2025, which reads: "Alien Booked

2

Out of KRO – KROME NORTH SPC – Released – Proceedings Terminated." *Id.* at 1. After a "Custody Redetermination," France was apparently released on his own "Personal Recognizance." *Ibid.* A separate search on ICE's Online Detainee Locator System confirms that France is no longer in ICE custody. *See* ICE Online Detainee Locator System, available at https://locator.ice.gov/odls/#/search (Name: Stanley France; Country of Birth: Haiti) (last visited Mar. 31, 2025). With that out of the way, we'll now address the Motion.

## DISCUSSION

### I. France's Default

France's failure to respond to the Motion to Dismiss is, standing alone, sufficient for us to grant the motion by default. Our Local Rules make plain that, "[f]or all motions, except motions served with the summons and complaint, each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. FLA. L.R. 7.1(c)(1); *see also Weeks v. Braddy*, 2023 WL 2610290, at *1 n.1 (S.D. Fla. Mar. 23, 2023) (Altman, J.) ("Because Weeks didn't file a Response, we grant the Defendants' motions by default."); *Augusme v. Carlton*, 2022 WL 10042943, at *2 (S.D. Fla. Oct. 17, 2022) (Altman, J.) ("Augusme didn't file a response opposing or otherwise objecting to the Motion to Dismiss—which gives us grounds to grant the Motion by default.").

We recognize that France is proceeding *pro se* and that courts "should show leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Still, for two reasons, we think dismissing France's Petition by default is the right disposition here.

*First*, "[d]espite construction leniency afforded to *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). In other

3

words, a *pro se* litigant (like France) must "comply with procedural rules, including applicable filing deadlines." *Brandau v. Warden, FCC Coleman-Medium*, 476 F. App'x 367, 369 (11th Cir. 2012); *see also Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction [for *pro se* litigants] does not mean liberal deadlines."). So, France's failure "to comply with [Local Rule 7.1(c)(1)]" gives us "sufficient cause to grant the motion by default," and France's *pro se* status "does not excuse his failure to comply with this rule." *Pierre v. Florida*, 2023 WL 5507727, at *1 n.1 (S.D. Fla. Aug. 25, 2023) (Bloom, J.) (cleaned up).

*Second*, France never updated us with his new address. Our Local Rules *also* require that "[a] party appearing *pro se*" (like France) "shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change." S.D. FLA. L.R. 11.1(g). France *never* filed *any* such notice after his release from ICE custody, meaning that the Respondents properly directed their Motion to "Krome Service Processing Center," which was—and still is—France's address on file with the Clerk of Court. Motion at 5 (certifying that the Motion was "served . . . by U.S. Certified Mail Return Receipt upon Stanley France" at "Krome Service Processing Center"); *see generally* Docket. So, France has separately violated Local Rule 11.1(g), and his "failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court." S.D. FLA. L.R. 11.1(g).

For these two reasons, France's default alone is sufficient for us to grant the Motion. *See Bell v. United Air Lines, Inc.*, 2011 WL 11048116, at *1 (S.D. Fla. Nov. 30, 2011) (Marra, J.) ("Since Ms. Bell, proceeding *pro se*, has not responded to the motion and has moved without informing the Court of her new address, the motion could be granted by default.").

## II. The Merits

Even if we hadn't granted the Motion by default, we would nevertheless grant it on the merits because France's release from ICE custody renders his Petition moot. It's true that a petitioner's

4

release during the pendency of his habeas proceeding won't *always* moot his case. Instead, the question is "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy[.]" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up); *see also Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) ("[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (cleaned up)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the [petitioner] meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001).

Since France is no longer detained under 8 U.S.C. § 1226(c), the only two issues France raised in his Petition are now moot. As his first issue, France claimed that his mandatory detention without a bond hearing violated due process, but now (to state the obvious) he's no longer in ICE's custody and thus no longer needs a bond hearing. France, in fact, is now on supervised release—which was what he wanted all along. *See* Petition at 13 (requesting that we order his release or require a bond hearing "before an immigration judge" who, if satisfied that France did not "present a risk of flight or danger," would order his release "on appropriate conditions of supervision, taking into account [France's] ability to pay a bond"); *cf. U.S. ex rel. Graham v. U.S. Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) ("Of course, Graham's ultimate objective in bringing this action was to obtain parole. Since he has been released on parole in the interim, we find there no longer is a case or controversy to litigate.").

In his second claim, France challenged the Government's view that he was subject to *mandatory physical* detention as a criminally convicted alien. "Unlike noncriminal aliens," who, under § 1226(a), are "typically entitled to a bond hearing," convicted aliens are subject to mandatory detention. *Gordon v. Shanahan*, 2015 WL 1176706, at *2 (S.D.N.Y. Mar. 13, 2015) (Koeltl, J.) (cleaned up & emphasis added). But France is no longer in *mandatory* detention—so this issue is also now moot. For these two

5

reasons, then, there's no need for us to resolve any of the issues in the Petition, meaning that there's no longer a live case or controversy here. *Cf. Mullings v. Aviles*, 2014 WL 1234469, at *3 (D.N.J. Mar. 25, 2014) (Linares, J.) ("Because Petitioner is no longer detained pursuant to [8 U.S.C.] § 1226[(c)], as [he] was at the time [he] filed this Petition, there is no longer a live 'case or controversy' regarding Petitioner's pre-removal-order detention." (cleaned up)).

There are (it's true) two exceptions to the mootness doctrine, which apply when either: (1) "collateral consequences" remain, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); or (2) the injury is "capable of repetition yet evading review," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). But France can't satisfy either exception here. *First*, France can't show collateral consequences. The collateral-consequences exception isn't met where there's no longer an "actual injury traceable" to a petitioner's detention that's "likely to be redressed by a favorable" judicial decision. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (cleaned up). And that's the case here. No more "disabilities or burdens . . . flow" from France's detention since (as we've said) he's already been *released* from ICE's physical custody. *Carafas*, 391 U.S. at 237.

And France's supervised release doesn't present a collateral consequence, since France has *never* challenged the conditions of his release. *Compare Alvarez v. Holder*, 454 F. App'x 769, 772–73 (11th Cir. 2011) (finding that an alien petitioner's placement on supervised release "amounted to a collateral consequence" of his § 2241 petition where he "*challenged* the . . . conditions of [his] release" in response to a motion to dismiss (emphasis added)), *with Hyacinthe v. McAleenan*, 2019 WL 3944442, at *3 (S.D. Fla. Aug. 21, 2019) (Bloom, J.) ("In contrast to *Alvarez*, here, Petitioner does not challenge the terms of the Order of Supervision. As such, there is no relief that the Court could award relating to the terms of the Order of Supervision even if it were inclined to do so. For that reason, that Petitioner was released under an Order of Supervision does not, in and of itself, present a continuing controversy.").

*Second*, the exception for events capable of repetition yet evading review doesn't apply here, either. "A controversy is not capable of repetition if there is only a mere physical or theoretical possibility of recurrence." *C C Prods., Inc. v. Messick*, 700 F.2d 635, 637 (11th Cir. 1983) (cleaned up). There's no evidence that France will ever be held in mandatory detention again—and, indeed, his proceedings were apparently "terminated." EARM Docket [ECF No. 20-1]. We therefore conclude that the Petition is moot, and that France cannot satisfy either of the two exceptions to the mootness doctrine.

*          *          *

In short, we grant the Respondents' Motion to Dismiss both by default and on its merits. We therefore **ORDER AND ADJUDGE** that the Respondents' Motion to Dismiss [ECF No. 19] is **GRANTED**. Stanley France's Petition [ECF No. 1] is **DISMISSED as moot and by default**. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Stanley France, *pro se*